Filed 8/22/25  Johnson v. Forest River RV CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| JUSTIN L. JOHNSON, | D085014 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. CVRI2305407) |
| FOREST RIVER RV, INC., et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Riverside County, Carol Greene, Judge.  Reversed and remanded.

Lawrence J. Hutchens and Shay Dinata-Hanson for Plaintiff and Appellant.

Phillips, Spallas & Angstadt, Michael R. Halvorsen and Matthew A. Gardner for Defendants and Respondents.

Justin L. Johnson appeals from an order staying his action under the Song-Beverly Consumer Warranty Act (Song-Beverly Act) (Civ. Code, § 1790, et seq.) on forum non conveniens grounds (Code Civ. Proc., § 410.30) based on a forum selection clause contained in a limited warranty form issued by defendant Forest River RV, Inc. (Forest River) when Johnson purchased a

Forest River trailer from defendant Beaumont RV in Riverside, California. The forum selection clause and a related choice-of-law provision purported to require that warranty-related claims must be (1) filed in the Indiana courts, and (2) decided under Indiana law. Although Forest River and Beaumont RV sought to enforce the Indiana forum selection clause, they acknowledged that the substantive provisions of the Song-Beverly Act are unwaivable (Civ. Code, § 1790.1) and therefore offered to stipulate that they would not oppose application of California law by the Indiana courts. Based on this offer, the trial court granted the motion to stay the California action.

Since the trial court's ruling, several published decisions have reached a contrary result in similar circumstances involving a defendant's offer to stipulate to the application of California law in the foreign jurisdiction. (*Lathrop v. Thor Motor Coach, Inc.* (2024) 105 Cal.App.5th 808, review granted Jan. 15, 2025, S287893 (*Lathrop*); *Hardy v. Forest River, Inc.* (2025) 108 Cal.App.5th 450, review granted Apr. 30, 2025, S289309 (*Hardy*).)[1] Following the reasoning of these cases, we conclude that enforcing the Indiana forum selection clause in reliance on the defendants' proposed

---

[1]    The Supreme Court granted review and held each of these cases pending its recent decision in *EpicentRx, Inc. v. Superior Court* (July 21, 2025, S282521) __ Cal.5th __ [2025 WL 2027272]. Because the Supreme Court has not ordered otherwise, the Court of Appeal opinions in *Lathrop* and *Hardy* may be cited and considered for their persuasive value while review is still pending. (Cal. Rules of Court, rule 8.1115(e)(1).) The Supreme Court in *EpicentRx* held that a forum selection clause is enforceable even when a party's right to jury trial under California state law would not apply in the exclusive forum identified by the clause. *EpicentRx* did not involve the issue presented here and decided in both *Lathrop* and *Hardy*: whether a post-dispute offer to stipulate to the application of unwaivable California law in the foreign jurisdiction is sufficient to salvage an otherwise unenforceable forum selection clause.

stipulation would violate California public policy. Accordingly, we reverse the trial court's order.

FACTUAL AND PROCEDURAL BACKGROUND

In October 2023, Johnson filed a complaint against Forest River and Beaumont RV regarding an allegedly defective Forest River trailer he purchased from Beaumont RV in Riverside, California. The complaint alleged that the defendants had violated the Song-Beverly Act and breached Forest River's express limited warranty and the implied warranty of merchantability by failing to perform necessary repairs to the trailer and failing to replace the defective trailer. (Civ. Code, § 1790, et seq.)

In March 2024, Forest River filed a motion to stay the proceedings under Code of Civil Procedure section 410.30 based on a forum selection clause contained in the Forest River limited warranty form. The forum selection clause was included in a section of the warranty form entitled "LEGAL REMEDIES," which also had a provision requiring the application of Indiana law. This section stated in relevant part:

> "EXCLUSIVE JURISDICTION FOR DECIDING LEGAL DISPUTES RELATING TO THIS LIMITED WARRANTY, AN ALLEGED BREACH OF WARRANTY, BREACH OF IMPLIED WARRANTIES, OR REPRESENTATIONS OF ANY KIND MUST BE FILED IN THE COURTS WITHIN THE STATE OF INDIANA.
>
> "ANY AND ALL CLAIMS OR CAUSES OF ACTION ARISING OUT OF OR RELATING TO THIS LIMITED WARRANTY OR IMPLIED WARRANTY SHALL BE GOVERNED BY THE LAWS OF THE STATE OF INDIANA, WHETHER SUCH CLAIMS SOUND IN CONTRACT, TORT, OR STATUTE (INCLUDING THE STATUTE OF LIMITATIONS), WITHOUT GIVING EFFECT TO ANY CONFLICT OF LAW RULE THAT WOULD RESULT IN THE APPLICATION OF THE LAWS OF A DIFFERENT JURISDICTION."

3

In its motion to stay the proceedings, Forest River acknowledged that a buyer's rights under the Song-Beverly Act are "essentially unwaivable" and stated that Forest River therefore agreed to stipulate "that Song-Beverly will apply to plaintiff's warranty claims pursued in an action in Indiana and that they will not oppose a request that the Indiana court utilize Song-Beverly to adjudicate those allegations."

Beaumont RV joined in Forest River's motion and similarly stated in its joinder that it "stipulates that the Song-Beverly Consumer Warranty Act, California *Civil Code* § 1780, *et seq*. and Plaintiff's right to a jury trial pursuant to California *Code of Civil Procedure* § 631(a) will apply to Plaintiff's warranty claims pursued in an action against it in Indiana and that it will not oppose a request that the Indiana court utilize the Song-Beverly Consumer Warranty Act to adjudicate those allegations."

Johnson opposed the motion to stay the California action. He argued in relevant part that (1) enforcement of the forum selection clause would violate California public policy under the anti-waiver provision of the Song-Beverly Act (Civ. Code, § 1790.1) and (2) the defendants' proposed stipulation did not cure the public policy violation.

After a hearing, the trial court adopted its tentative rulings granting Forest River's motion to stay the proceedings and granting Beaumont RV's joinder. The court concluded that the forum selection clause was enforceable and did not violate Johnson's unwaivable rights because Forest River and Beaumont RV had stipulated to the application of California law by the Indiana courts. The court ruled that Johnson could move to lift the stay if the Indiana courts refused to apply California law.

4

DISCUSSION

An order granting a motion to stay an action on forum non conveniens grounds is appealable. (Code Civ. Proc., § 904.1, subd. (a)(3).) We review such an order for abuse of discretion. (*Hardy, supra,* 108 Cal.App.5th at p. 456, review granted.) A discretionary order based on an application of improper criteria or incorrect legal assumptions is not an exercise of informed discretion and is subject to reversal. (*Ibid.*)

The trial court did not have the benefit of *Lathrop* and *Hardy* at the time of its ruling. These recent cases clarify that (1) an invalid choice-of-law provision cannot be severed from a related forum selection clause when the agreement as written violates public policy because it would result in a waiver of unwaivable rights under California law; and (2) a post-dispute offer by the defendant not to enforce the invalid choice-of-law provision does not make the otherwise unenforceable forum selection clause enforceable. We find these cases persuasive and follow their holdings.

*Lathrop* was the first case to reach this conclusion. In *Lathrop*, an express warranty designated Indiana as the exclusive forum and also stated that Indiana law would govern all disputes. After purchasing a motorhome in California, the plaintiffs sued the manufacturer in California under the Song-Beverly Act and the Consumer Legal Remedies Act (CLRA) (Civ. Code, § 1750 et seq.) In seeking to enforce the Indiana forum selection clause, the manufacturer acknowledged that the Indiana choice-of-law provision was unenforceable because any waiver of the provisions of the Song-Beverly Act or the CLRA was contrary to public policy. (Civ. Code, § 1790.1.)[2] For this

---

[2] Civil Code section 1790.1 provides: "Any waiver by the buyer of consumer goods of the provisions of this chapter, except as expressly provided in this chapter, shall be deemed contrary to public policy and shall be unenforceable and void."

5

reason, the manufacturer offered to stipulate that the substantive provisions of the Song-Beverly Act and the CLRA would apply in the Indiana court. (*Lathrop, supra*, 105 Cal.App.5th at p. 812, review granted.)

As a matter of first impression, the *Lathrop* court held that the proposed stipulation did not "render[] an otherwise unenforceable forum selection clause enforceable." (*Lathrop, supra*, 105 Cal.App.5th at p. 820, review granted.) The court concluded that requiring the plaintiffs to accept the manufacturer's stipulation would violate public policy. (*Id.* at pp. 820–824.) It treated the manufacturer's offer to stipulate as essentially a request to sever the invalid Indiana choice-of-law provision from the rest of the agreement. (*Id.* at p. 820.) Applying the reasoning of the Supreme Court's severance decisions in *Ramirez v. Charter Communications, Inc.* (2024) 16 Cal.5th 478 (*Ramirez*) and *Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83 (*Armendariz*), the *Lathrop* court noted that the overarching inquiry was whether the interests of justice would be served by severance, which included consideration of any deterrent effect. (*Lathrop*, at p. 820.)

*Lathrop* held that severing the invalid choice-of-law provision and enforcing the forum selection clause "would not further the interests of justice." (*Lathrop, supra*, 105 Cal.App.5th at p. 820, review granted.) The court reasoned: "Even if [the manufacturer]'s stipulation protects the rights of the plaintiffs who are savvy enough to obtain experienced legal representation, file in California, and argue the forum selection clause implicates their unwaivable statutory rights, other California consumers, compelled by the forum selection clause, may file suit in Indiana and only later discover . . . that they have given up unwaivable California statutory

6

rights.  Still others may be deterred from pursuing their claims at all." (*Id*. at p. 821.)

Moreover, "[a]ccepting [the manufacturer]'s proposed stipulation and enforcing its forum selection clause would also create an incentive for [it] to continue to include admittedly unenforceable provisions in its warranties and would deter [it] from revising its warranty to comply with California law." (*Lathrop, supra*, 105 Cal.App.5th at pp. 821–822, review granted, citing *Ramirez, supra*, 16 Cal.5th at p. 517 ["severing multiple unconscionable provisions from an agreement and enforcing the remainder could 'create an incentive for an employer to draft a one-sided arbitration agreement in the hope employees would not challenge the unlawful provisions, but if they do, the court would simply modify the agreement to include the bilateral terms the employer should have included in the first place' "]; *Armendariz, supra*, 24 Cal.4th at p. 124, fn. 13 ["An employer will not be deterred from routinely inserting [an unlawful] clause into the arbitration agreements it mandates for its employees if it knows that the worst penalty for such illegality is the severance of the clause after the employee has litigated the matter"].)  Thus, the *Lathrop* court concluded that the manufacturer's offer to stipulate that California law would apply in the Indiana court did not make the forum selection clause enforceable.  (*Lathrop*, at pp. 820–824.)

The court reached a similar result in *The Comedy Store v. Moss Adams LLP* (2024) 106 Cal.App.5th 784, review granted February 11, 2025, S288469 (*The Comedy Store*).  There, the defendant seeking to enforce a Washington forum selection clause agreed not to invoke a pre-dispute jury waiver that was unenforceable in California.  (*Id*. at pp. 787–788.)  The Court of Appeal found "no authority to show the trial court could disregard a contract term that violates public policy because a party has made a post-contractual offer

7

not to enforce it." (*Id.* at p. 794.)  The court also concluded that the purported stipulation not to enforce the jury waiver was merely an unaccepted offer, and "a court order could not transform it into a binding modification or stipulation." (*Ibid.*)  Relying on *Lathrop*, the court found that giving effect to the defendant's offer would encourage continued use of an otherwise unenforceable forum selection clause.  (*Id.* at p. 797.)

Most recently, the *Hardy* court followed *Lathrop* in circumstances virtually identical to ours.  (*Hardy, supra*, 108 Cal.App.5th 450, review granted.)  As in this case, the plaintiff in *Hardy* sued Forest River under the Song-Beverly Act for breach of express and implied warranties for failure to repair or replace a Forest River motorhome; Forest River filed a motion to stay or dismiss the action on forum non conveniens grounds invoking the Indiana forum selection clause of the Forest River limited warranty; Forest River acknowledged that enforcing the Indiana choice-of-law provision of the warranty would result in a waiver of unwaivable rights under the Song-Beverly Act; Forest River therefore offered to stipulate that the Song-Beverly Act would apply in the Indiana court; the trial court granted the motion and stayed the California action; and the trial court ruled that the plaintiff could move to lift the stay if the Indiana court declined to apply the Song-Beverly Act. (*Hardy*, at pp. 453–456.)

The Court of Appeal reversed.  It held that the Song-Beverly Act "created unwaivable rights" and the burden was therefore on the party seeking to enforce the forum selection clause to prove that it would not result in a significant diminution of rights to California consumers. (*Hardy, supra*, 108 Cal.App.5th at pp. 456–457, review granted.)  The court noted: "Whether Forest River is willing now to abide by the Song-Beverly Act, does not change the fact that the warranty as written, choosing Indiana law, is void and

8

against public policy as to California consumers, and hence substantively unconscionable." (*Id.* at pp. 458–459.) "Our Supreme Court has held that such willingness ' "can be seen, at most, as an offer to modify the contract; an offer that was never accepted. No existing rule of contract law permits a party to resuscitate a legally defective contract merely by offering to change it." ' " (*Id.* at p. 459, quoting *Armendariz, supra*, 24 Cal.4th at p. 125 [holding that what the employer was "willing" to do "now that the employment relationship has ended" did "not change the fact that the arbitration agreement as written is unconscionable and contrary to public policy"].)

As in *Lathrop*, the *Hardy* court concluded that Forest River's post-dispute stipulation was "effectively a request to sever the choice of law provision from the agreement . . . and enforce the forum selection clause." (*Hardy, supra*, 108 Cal.App.5th at p. 458, review granted.) The court therefore turned to "case law on the severance of unconscionable terms in contracts," including *Ramirez* and *Armendariz*. (*Hardy*, at pp. 458–459.) Quoting *Lathrop*, the court ruled that enforcing Forest River's one-sided offer to stipulate would violate California public policy because the warranty as written could cause some California consumers to file suit in Indiana and give up unwaivable California rights unknowingly; it could deter others from pursuing their claims at all; and enforcing the offer to stipulate would therefore create an incentive for Forest River to continue to include admittedly unenforceable provisions in its warranties. (*Id.* at p. 460.) For these reasons, the court declined to sever the invalid choice-of-law provision. (*Ibid.*)

The court in *Hardy* also concluded that the problem was not solved by allowing the plaintiff to file a motion to lift the stay if the Indiana courts failed to apply California law. (*Hardy, supra*, 108 Cal.App.5th at pp. 462–

9

463, review granted.)  Relying on two prior cases that rejected such a solution (*Verdugo v. Alliantgroup, L.P.* (2015) 237 Cal.App.4th 141, 161–162 (*Verdugo*) and *America Online, Inc. v. Superior Court* (2001) 90 Cal.App.4th 1, 20–21), the *Hardy* court stated "we share the concerns in *Verdugo* and *America Online* regarding how, and at what point, the California trial court would or could entertain a motion to lift the stay." (*Hardy*, at p. 463.)  The court queried: "Would it be proper to do so whenever the Indiana court made a ruling that the plaintiff believed contrary to the requirements of the Song-Beverly Act, even though the Indiana court stated that it was following California law?" (*Ibid.*)  The court ultimately concluded that this "seemingly neat solution . . . neither follows California law . . . nor aligns with basic principles of comity." (*Ibid.*)  Accordingly, it reversed the order and directed the trial court to enter a new order denying Forest River's motion to dismiss or stay the action.  (*Id.* at p. 464.)

The *Hardy* court summarized the proper form of analysis in these circumstances as follows: "[W]hen reviewing a forum selection clause in the context of unwaivable rights, a court must first look to whether the forum selection clause was unconscionable, void, or violated public policy as of the time the agreement was made.  If it was, then the court must consider whether to sever the unconscionable or void clauses from the agreement, taking into consideration the factors spelled out in *Ramirez* and *Armendariz*.  However, in choosing whether to sever, unless there is a bilateral stipulation to which all parties agree, the court may not augment or reform the contract by issuing an order contrary to the agreement actually entered into by the parties." (*Hardy, supra*, 108 Cal.App.5th at p. 463, review granted.)

*Hardy* is directly on point.  Under its holding, the trial court here applied improper criteria or incorrect legal assumptions by relying on Forest

10

River's unilateral post-dispute offer to stipulate to the application of California law and failing to apply a proper severance analysis based on the agreement as written. As written, the agreement violated public policy because the choice-of-law provision resulted in a waiver of unwaivable rights under the Song-Beverly Act.[3] For the reasons explained in *Hardy* and *Lathrop*, the invalid choice-of-law provision is not severable, and we cannot simply rewrite the document to eliminate it based on a one-sided offer to stipulate.

In arguing to the contrary, Forest River relies heavily on language in *Verdugo, supra*, 237 Cal.App.4th at pp. 145, 158, which suggested the possibility a defendant might be able to stipulate to apply California law. As other courts have since recognized, however, *Verdugo*'s discussion of this issue is dicta. (*Hardy, supra*, 108 Cal.App.5th at pp. 461–462, review granted; *The Comedy Store, supra*, 106 Cal.App.5th at pp. 792–793, review granted; *Lathrop, supra*, 105 Cal.App.5th at p. 824, review granted.) We follow the holdings of these recent cases, rather than the dicta of *Verdugo*. We therefore reach the same result as *Hardy* and reverse the order granting Forest River's motion to stay the action on forum non conveniens grounds.

---

[3] The plaintiff in *Hardy* (represented by the same counsel as Johnson here) argued that the terms of Forest River's warranty violated California law and the Song-Beverly anti-waiver provision for the same reasons asserted by Johnson in this case. "Specifically, Hardy argued that the warranty contained a 90-day statute of limitations (in contrast to four years under California law); required the consumer to deliver the RV to Forest River in Indiana for service if repairs are not adequately completed by the seller or local authorized dealer; required an exhaustion of remedies prior to bringing suit which was more onerous than that required by the Song-Beverly Act; and contained a disclaimer from incidental or consequential damages inconsistent with the Song-Beverly Act." (*Hardy, supra*, 108 Cal.App.5th at p. 455, review granted.)

11

DISPOSITION

The order is reversed and the matter remanded to the trial court. The trial court is directed to enter a new order denying the motion to stay. Johnson is entitled to recover his costs on appeal.

BUCHANAN, J.

WE CONCUR:

McCONNELL, P. J.

CASTILLO, J.